NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| REGINALD BELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS and DEPARTMENT OF LICENSE AND CONSUMER AFFAIRS,<br><br>　　　　　　Defendants. | Civ. No. 18-23<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Compel Plaintiff to Number Paragraphs in the Complaint filed by Defendants Government of the Virgin Islands and the Department of License and Consumer Affairs (collectively, "Defendants") (ECF No. 18), and the Motion to Dismiss filed by Defendants (ECF No. 20). Plaintiff Reginald Bell ("Plaintiff") has not opposed either Motion. The Court has considered the Motions based upon Defendants' written submissions and without oral argument. For the reasons stated herein, the Motion to Compel Plaintiff to Number Paragraphs in the Complaint is denied, and the Motion to Dismiss is denied.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

## BACKGROUND

### I. Factual Background

This is an Americans with Disabilities Act ("ADA") case. Plaintiff alleges that he went to the Department of License and Consumer Affairs ("DLCA") to make a complaint about "Virgin Island[s] Transportation" and the "Flor[e]nce Library," which had allegedly "denied [Plaintiff's] service animal." (Compl. at 3, ECF No. 1.) Plaintiff alleges that two individuals told him to leave the DLCA building. (*Id.*) One of the individuals allegedly told Plaintiff that "he did not know the [ADA] laws of service animals," showed his badge to Plaintiff, and informed Plaintiff that the "police would be called." (*Id.*) When the police arrived, Plaintiff claims that he was threatened to be "taken to golden grove" and was forced to leave the DLCA. (*Id.*) Plaintiff requests damages of $1,000,000 against all Defendants, in addition to injunctive relief requiring Defendants to comply with the ADA and install signage welcoming service animals. (*Id.* at 4.)

### II. Procedural History

Plaintiff filed the Complaint on June 26, 2018. (ECF No. 1.) On October 24, 2018, Defendants filed a Motion to Compel Plaintiff to Number Paragraphs in the Complaint. (ECF No. 18.) On November 30, 2018, Defendants filed a Motion to Dismiss. (ECF No. 20.) Plaintiff has not opposed either Motion. Defendants' Motions are presently before the Court.

## LEGAL STANDARDS

### I. Rule 10(b) of the Federal Rules of Civil Procedure

In pleadings, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." *Id.*

**II.      Motion to Dismiss**

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). While courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## **DISCUSSION**

**I.      Motion to Compel Plaintiff to Number the Paragraphs in the Complaint**

The basis for Defendants' Motion to Compel is Plaintiff's failure "to make claims in numbered paragraphs, limiting each allegation as far as practicable to a single set of

3

circumstances," under Rule 10(b) of the Federal Rules of Civil Procedure. (Mot. to Compel at 3, ECF No. 18.) Defendants submit that "[t]he absolute lack of numbered paragraphs makes it impossible for Defendants to respond in a meaningful manner." (*Id.*)

Although Plaintiff's statement of facts is handwritten and consists of one paragraph, the Complaint clearly and succinctly discloses the alleged factual bases of Plaintiff's ADA claim. Plaintiff's allegations provide sufficient notice of his claims and do not meaningfully impede Defendants' ability to answer. Therefore, any technical failure to number paragraphs or limit paragraphs to a single set of circumstances is not dispositive. *See Coleman v. Camacho*, 2012 WL 5986455, at *3–4 (D.N.J. Nov. 27, 2012) (declining to dismiss the complaint for failure to comply with Rule 10(b), even where the complaint appeared as one paragraph that spanned one and a half pages, because "it appear[ed] that the . . . [c]omplaint contain[ed] enough information and [was] sufficiently clear to permit response"); *Buzzerd v. E. Pikeland Twp.*, 1990 WL 90109, at *3 (E.D. Pa. June 26, 1990) (declining to dismiss the complaint for failure to comply with Rule 10 because, although "[f]ailure to number the paragraph and to limit it to a single set of circumstances may be inartful pleading, . . . the complaint clearly disclose[d] the nature of the plaintiffs' grievances and the theory of the complaint"); *cf. Rosado v. Lynch*, 2017 WL 2495407, at *4 (D.N.J. June 8, 2017) (dismissing the complaint for failure to comply with Rule 10 because the complaint was "so incoherent and unintelligible that it prevent[ed] [d]efendant from filing responsive pleadings"). Therefore, the Court will not require Plaintiff to amend the Complaint to provide numbered paragraphs.

**II.     Motion to Dismiss**

Defendants argue that Plaintiff has failed to allege that he has a qualified disability within the meaning of the ADA. (Mot. to Dismiss Br. at 5, ECF No. 21 (citing 42 U.S.C. § 12102).)

Defendants further contend that Plaintiff has not alleged whether his dog is a service dog within the meaning of 28 C.F.R. 36.104. (*Id.*) The Court has already screened the Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and determined that Plaintiff states a plausible claim for relief. (*See* Order at 2–3, ECF No. 5.) Therefore, the Court denies Defendants' Motion to Dismiss.

In the alternative, Defendants move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, arguing that the Complaint "make[s] it difficult to fairly respond to the substance of the allegations and effectively formulate an appropriate response to the allegations." (Mot. to Dismiss Br. at 6 (citing Fed. R. Civ. P. 10(b)).) Because Defendants' arguments mirror those in the Motion to Compel Plaintiff to Number the Paragraphs in the Complaint (*see id.*), the Court denies Defendants' Motion for a More Definite Statement.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Compel Plaintiff to Number Paragraphs in the Complaint (ECF No. 18) is denied, and Defendants' Motion to Dismiss (ECF No. 20) is denied. An appropriate Order will follow.

Date: September 11, 2020             */s/ Anne E. Thompson*
                                                               ANNE E. THOMPSON, U.S.D.J.